**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION**

| | | |
|---|---|---|
| TIMOTHY HOPKINS, | : | CASE NO. 1:23-cv-00283 |
| | : | |
| Plaintiff, | : | Judge Michael R. Barrett |
| | : | |
| v. | : | |
| | : | **ANSWER OF PATRICK WITTE AND** |
| THOMAS GROSSMAN, *et al.*, | : | **THE CITY OF MASON POLICE** |
| | : | **DEPARTMENT TO PLAINTIFF'S** |
| Defendants. | : | **SECOND AMENDED COMPLAINT** |
| | : | |
| | : | **JURY DEMAND ENDORSED HEREON** |

NOW COME Defendants Patrick Witte, individually and in his official capacity as City of Mason police officer and the City of Mason Police Department (collectively referred to herein as "Defendants"), by and through counsel, and for their Answer to Plaintiff's Second Amended Complaint state as follows:

**Preliminary Statement**

1. Answering Plaintiff's Preliminary Statement, Defendants deny liability or any constitutional violations and therefore deny all of the allegations contained therein.

**Parties**

2. Answering Paragraphs 1, 2, 3, and 4, Defendants are without sufficient information and knowledge to form a belief as to the truth of the allegations therein and therefore deny the same.

3. Answering Paragraph 5, Defendants deny the allegations as written.

4. Answering Paragraph 6, Defendants deny the allegations contained therein.

5. Answering Paragraph 7, Defendants admit that Defendant Patrick Witte is a police officer employed by the City of Mason but deny the remaining allegations contained therein.

1

6. Answering Paragraph 8, Defendants state that at all relevant times Officer Witte was acting as a police officer with the City of Mason, but deny the remaining allegations contained therein.

7. Answering Paragraphs 9, 10, 11, and 12, Defendants are without sufficient information and knowledge to form a belief as to the truth of the allegations therein and therefore deny the same.

**Jurisdiction and Venue**

8. Answering Paragraph 13, Defendants deny any constitutional or statutory violations and therefore deny the allegations contained therein.

9. Answering Paragraphs 14 and 15, Defendants state that the allegations contained therein are statements of law for which no response is required. To the extent the allegations allege or imply any wrongdoing on behalf of Defendants the allegations are denied.

**Factual Allegations**

10. Answering Paragraphs 16, 17, 18, 19, 20, and 21, Defendants are without sufficient information and knowledge to form a belief as to the truth of the allegations therein and therefore deny the same.

11. Answering Paragraph 22, Defendants deny the allegations as they relate to the Mason Police Department. Answering further, Defendants are without sufficient information and knowledge to form a belief as to the truth of the remaining allegations therein and therefore deny the same.

12. Answering Paragraphs 23, 24, 25, 26, 27, and 28, Defendants are without sufficient information and knowledge to form a belief as to the truth of the allegations therein and therefore deny the same.

13. Answering Paragraph 29, Defendants admit that Grossmann is a County Commissioner and this he is a former Mayor of the City of Mason. Defendants admit further that Kathy Grossmann was the Mayor of Mason from 2019 to 2021. Defendants are without sufficient information and knowledge to form a belief as to the truth of the remaining allegations therein and therefore deny the same.

14. Answering Paragraphs 30, 31, 32, 33, 34, 35, 36, 37, 38, 39, 40, 41, and 42, Defendants are without sufficient information and knowledge to form a belief as to the truth of the allegations therein and therefore deny the same.

15. Answering Paragraph 43, Defendants admit that noise complaints to the Mason Police Department were made relating to Hopkins' vehicle. Defendants are without sufficient information and knowledge to form a belief as to the truth of the remaining allegations as written therein and therefore deny the same.

16. Answering Paragraph 44, Defendants deny the allegations as written.

17. Answering Paragraph 45, Defendants state that on May 10, 2021 Officer Witte was dispatched on a noise complaint in relation to Hopkins' vehicle.

18. Answering Paragraph 46, Defendants deny the allegations therein as written.

19. Answering Paragraph 47, Defendants are without sufficient information and knowledge to form a belief as to the truth of the allegations as written therein and therefore deny the same.

20. Answering Paragraph 48, Defendants admit that on May 10, 2021, Officer Witte saw a vehicle matching the description of the vehicle in the complaint pull into Hopkins' driveway.

21. Answering Paragraph 49, Defendants deny the allegations contained therein.

22. Answering Paragraph 50, Defendants admit that the officers were shown a video with a time and date stamp but deny the remaining allegations as written.

23. Answering Paragraph 51, Defendants deny the allegations as written.

24. Answering Paragraph 52, Defendants deny the allegations contained therein.

25. Answering Paragraph 53, Defendants deny the allegation as written.

26. Answering Paragraph 54, Defendants admit that Hopkins' vehicle windows were tinted obstructing the view of the driver on the video and when they observed the car driving through the neighborhood prior to it pulling into the driveway at Hopkins' residence.

27. Answering Paragraph 55, Defendants are without sufficient information and knowledge to form a belief as to the truth of the allegations as written therein and therefore deny the same.

28. Answering Paragraph 56, Defendants deny the allegations contained therein.

29. Answering Paragraph 57, Defendants deny the allegations as written.

30. Answering Paragraph 58, Defendants admit that the complaint was not sworn to or signed before a judge or deputy clerk. Defendants deny the remaining allegations contained therein.

31. Answering Paragraphs 59 and 60, Defendants deny the allegations contained therein.

32. Answering Paragraph 61, Defendants admit that an arrest warrant was issued on Tuesday, May 11, 2021.

33. Answering Paragraphs 62, 63, and 64, Defendants deny the allegations as written.

34. Answering Paragraphs 65 and 66, Defendants deny the allegations contained therein.

35. Answering Paragraph 67, Defendants deny the allegations as written.

36. Answering Paragraph 68, Defendants deny the allegations as they relate to the Defendants. As to the remaining allegations contained therein, Defendants are without sufficient information and knowledge to form a belief as to the truth of the allegations and therefore deny the same.

37. Answering Paragraph 69, Defendants are without sufficient information and knowledge to form a belief as to the truth of the allegations therein and therefore deny the same.

38. Answering Paragraph 70, Defendants admit that on May 14, 2021, Hopkins was pulled over in his personal vehicle and that his minor son was a passenger in the vehicle. Defendants admit further that Hopkins was arrested. Defendants deny the remaining allegations as written.

39. Answering Paragraph 71, Defendants are without sufficient information and knowledge to form a belief as to the truth of the allegations therein and therefore deny the same.

40. Answering Paragraph 72, Defendants deny the allegations as written.

41. Answering Paragraph 73, Defendants admit the allegations contained therein. (See Declaration of Craig Kline, generally, attached hereto as **Exh. A** and Officer Witte's cruiser camera videos attached to the Declaration.)[1]

42. Answering Paragraph 74, Defendants deny the allegations as written.

43. Answering Paragraph 75, Defendants admit the allegations contained therein. (See Declaration of Craig Kline, generally, attached hereto as **Exh. A** and Officer Witte's cruiser camera videos attached to the Declaration.)

---

[1] Defendants filed a Motion for Leave to Manually File Video Recordings on April 30, 2025.

44. Answering Paragraph 76, Defendants are without sufficient information and knowledge to form a belief as to the truth of the allegations therein and therefore deny the same.

45. Answering Paragraphs 77 and 78, Defendants deny the allegations as written. (See Declaration of Craig Kline, generally, attached hereto as **Exh. A** and Officer Witte's cruiser camera videos attached to the Declaration.)

46. Answering Paragraph 79, Defendants admit that Officer Witte asked Corrections Officers to get a nurse; answering further Defendants are without sufficient information and knowledge to form a belief as to the truth of the remaining allegations therein and therefore deny the same. (See Declaration of Craig Kline, generally, attached hereto as **Exh. A** and Officer Witte's cruiser camera videos attached to the Declaration.)

47. Answering Paragraph 80, Defendants deny the allegations.

48. Answering Paragraphs 81, 82, 83, 84, and 85, Defendants are without sufficient information and knowledge to form a belief as to the truth of the allegations therein and therefore deny the same.

49. Answering Paragraphs 86 and 87, Defendants deny the allegations as written.

50. Answering Paragraphs 88, 89, 90, 91, 92, 93, 94, 95, and 96, Defendants are without sufficient information and knowledge to form a belief as to the truth of the allegations therein and therefore deny the same.

51. Answering Paragraphs 97 and 98, Defendants deny the allegations contained therein.

52. Answering Paragraphs 99, 100, 101, 102, 103, 104, 105, 106, 107, 108, 109, 110, 111, and 112, Defendants are without sufficient information and knowledge to form a belief as to the truth of the allegations therein and therefore deny the same.

### Count 1

53. Answering Paragraph 113, Defendants incorporate the foregoing admissions and denials by reference as if fully rewritten herein.

54. Answering Paragraph 114, Defendants deny the allegations as written.

55. Answering Paragraphs 115, 116, 117, 118, 119, 120, 121, 122, 123, 124, 125, and 126, Defendants deny the allegations contained therein.

### Count 2

56. Answering Paragraph 127, Defendants incorporate the foregoing admissions and denials by reference as if fully rewritten herein.

57. Answering Paragraph 128, Defendants deny the allegations as written.

58. Answering Paragraph 129, Defendants are without sufficient information and knowledge to form a belief as to the truth of the allegations therein and therefore deny the same.

59. Answering Paragraphs 130, 131, and 132, Defendants deny the allegations contained therein.

60. Answering Paragraph 133, Defendants are without sufficient information and knowledge to form a belief as to the truth of the allegations therein and therefore deny the same.

61. Answering Paragraphs 134, 135, 136, 137, 138, and 139, Defendants deny the allegations contained therein.

### Count 3

62. Answering Paragraph 140, Defendants incorporate the foregoing admissions and denials by reference as if fully rewritten herein.

63. Answering Paragraphs 141, 142, 143, 144, 145,and 146, Defendants are without sufficient information and knowledge to form a belief as to the truth of the allegations therein and therefore deny the same.

## Count 4

64. Answering Paragraph 147, Defendants incorporate the foregoing admissions and denials by reference as if fully rewritten herein.

65. Answering Paragraph 148, Defendants deny the allegations as written.

66. Answering Paragraphs 149, 150, 151, 152, 153, 154, 155, 156, 157, 158, 159, and 160, Defendants deny the allegations contained therein.

## Count 5

67. Answering Paragraph 161, Defendants incorporate the foregoing admissions and denials by reference as if fully rewritten herein.

68. Answering Paragraphs 162 and 163, Defendants deny the allegations contained therein.

69. Answering Paragraph 164, Defendants are without sufficient information and knowledge to form a belief as to the truth of the allegations therein and therefore deny the same.

70. Answering Paragraph 165, Defendants deny the allegations contained therein.

71. Answering Paragraphs 166 and 167, Defendants deny the allegations contained therein.

## Count 6

72. Answering Paragraph 168, Defendants incorporate the foregoing admissions and denials by reference as if fully rewritten herein.

73. Answering Paragraphs 169, 170, 171, 172, and 173, Defendants are without sufficient information and knowledge to form a belief as to the truth of the allegations therein and therefore deny the same.

74. Answering Paragraphs 174 and 175, Defendants deny the allegations contained therein.

75. Answering Paragraphs 176 and 177, Defendants are without sufficient information and knowledge to form a belief as to the truth of the allegations therein and therefore deny the same.

## Count 7

76. Answering Paragraph 178, Defendants incorporate the foregoing admissions and denials by reference as if fully rewritten herein.

77. Answering Paragraphs 179, 180, and 181, Defendants deny the allegations contained therein. (See Declaration of Craig Kline, generally, attached hereto as **Exh. A** and Officer Witte's cruiser camera videos attached to the Declaration.)

## Count 8

78. Answering Paragraph 182, Defendants incorporate the foregoing admissions and denials by reference as if fully rewritten herein.

79. Answering Paragraphs 183, 184, 185, and 186, Defendants deny the allegations contained therein. (See Declaration of Craig Kline, generally, attached hereto as **Exh. A** and Officer Witte's cruiser camera videos attached to the Declaration.)

## Count 9

80. Answering Paragraph 187, Defendants incorporate the foregoing admissions and denials by reference as if fully rewritten herein.

81. Answering Paragraphs 188 and 189, Defendants deny the allegations contained therein.

82. All other allegations in Plaintiff's Second Amended Complaint not otherwise specifically admitted or denied herein are denied.

## AFFIRMATIVE DEFENSES

1. Plaintiff's Second Amended Complaint fails to state a claim upon which relief can be granted.

2. The Defendants are absolutely and/or qualifiedly immune from suit under both federal and state law; therefore, no liability attaches for the Defendants.

3. The Defendants are entitled to all of the immunities, defenses, setoffs, and limitations on damages contained in Chapter 2744 of the Ohio Revised Code.

4. The Defendants acted with lawful privilege.

5. The injuries and damages allegedly sustained by Plaintiff are the direct and proximate result of Plaintiff's conduct, which was illegal, intentional, willful, wanton, reckless, and/or grossly negligent.

6. Plaintiff's claims are barred by the doctrines of primary assumption of the risk, implied assumption of the risk, and/or express assumption of the risk.

7. No action by the Defendants rose to the level of a constitutional deprivation.

8. At no time material hereto did the Defendants act with deliberate indifference to the federally protected rights of Plaintiff.

9. At all times, the Defendants acted reasonably, lawfully, and in good faith. If, in fact, the Defendants performed any wrongful acts, which are specifically denied herein, such acts were

not performed knowingly, purposely, with malicious purpose, in bad faith, intentionally, recklessly, willfully or wantonly.

10. At no time material hereto did there exist an unconstitutional policy, practice, or custom on the part of the Defendants.

11. Plaintiff's Second Amended Complaint for punitive damages is subject to the limitations set forth in Ohio Revised Code §§2315.21 and 2744.05. Further, any damages awarded in this case are subject to reduction pursuant to Ohio Revised Code §§ 2744.05, R.C. 2315.18 and 2315.20.

12. The Defendants state that any damages awarded in this matter may be subject to setoff under state law and/or the Affordable Care Act and other state and/or federal laws.

13. Plaintiff has failed to mitigate his damages.

14. At all times, the Defendants acted in accordance with the Constitution of the United States, the Constitutions of the State of Ohio, all Ohio statutory provisions, and all state and local laws relative thereto.

15. Some of Plaintiff's claims may be barred by the statute of limitations, the doctrine of unclean hands or laches.

16. The Police Department is sui juris and not capable of being sued.

17. At all times, the Defendants' actions were legally justified.

18. Some or all of Plaintiff's claims may be barred by the Intracorporate Conspiracy Doctrine.

19. If Plaintiff was injured or damaged, any and all such injury or damage was a proximate result of the intervening and/or superseding acts and/or omissions of persons and/or entities not under the control of these answering Defendants.

20. If Plaintiff was injured or damaged, any such injury or damage was not foreseeable by Defendants.

21. Plaintiff's claims for punitive damages are in violation of the Ohio and United States Constitutions, state, federal, and the common law.

22. The Second Amended Complaint may have failed to join parties and claims required to be joined by Civ. R. 19, without limitation, subrogees, and subrogated claims.

23. The Defendants give notice that they intend to assert and rely upon all affirmative defenses, immunities, avoidances, counterclaims, cross-claims, and third party claims that become available or apparent during the course of discovery or trial, and hereby reserve the right to amend their Answer to Plaintiff's Second Amended Complaint to assert such defenses.

**WHEREFORE**, the Defendants request that Plaintiff's Second Amended Complaint be dismissed and that judgment be entered in their favor, together with the costs of suit.

Respectfully submitted,

SURDYK, DOWD & TURNER CO., L.P.A.

*/s/ Christopher T. Herman*
Dawn M. Frick (0069068)
Christopher T. Herman (0076894)
Steven M. Riggs (0103869)
8163 Old Yankee Street, Suite C
Dayton, Ohio 45458
(937) 222-2333
FAX - (937) 222-1970
dfrick@sdtlawyers.com
cherman@sdtlawyers.com
sriggs@sdtlawyers.com
*Trial Attorneys for Defendants Patrick Witte and the City of Mason Police Department*

## JURY DEMAND

The Defendants hereby demand a trial by jury on those claims to which they are entitled.

/s/ *Christopher T. Herman*
Christopher T. Herman (0076894)

## CERTIFICATE OF SERVICE

I hereby certify that on April 30, 2025, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the parties and/or their counsel of record.

/s/ *Christopher T. Herman*
Christopher T. Herman (0076894)